JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—
# GENERAL

| | |
|---|---|
| Case No.   8:23-cv-00851-JWH-ADS | Date   August 3, 2023 |
| Title   *Cherie Norton v. SF Markets, LLC, et al.* | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER REMANDING ACTION TO STATE COURT (IN CHAMBERS)**

On May 15, 2023, Defendant SF Markets, LLC dba Sprouts Farmers Market removed this case to this Court.[1] SF Markets asserted that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).[2] Because the Court needed more information to determine whether jurisdiction was proper, the Court issued an Order to Show Cause on July 17, 2023.[3] In particular, the Court directed "SF Markets . . . to file no later than July 24, 2023, a notice of the names of each of its owners/members, as well as the states of citizenship of each of those owners/members" in accordance with Rule 7.1(a)(2)(A) of the Federal Rules of Civil Procedure.[4]

---

[1]   *See* Def.'s Notice of Removal of Action to United States District Court under 28 U.S. Code §§ 1441 and 1446 (Diversity) (the "Removal Notice") [ECF No. 1].

[2]   *Id.* at 2:17-4:14.

[3]   Order to Show Cause Re:  Subject Matter Jurisdiction (the "OSC") [ECF No. 15].

[4]   *Id.* at 2.

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. The party invoking the federal court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

In addition, the Federal Rules of Civil Procedure require that when an action is filed or removed to federal court on the basis of diversity under 28 U.S.C. § 1332(a), each party must file a disclosure statement that identifies the citizenship of every individual or entity whose citizenship is attributed to that party. *See* Fed. R. Civ. P. 7.1(a)(2)(A). Indeed, each party that subsequently appears must file a Rule 7.1 Disclosure Statement with that party's "first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1).

As stated in the OSC, the issue before the Court is the citizenship SF Markets, a limited liability company.[5] In its Removal Notice, SF Markets did not provide the Court with the citizenship of each of its owners/members,[6] nor did SF Markets file a timely Rule 7.1 disclosure statement. Then, when prompted by this Court's OSC, SF Markets once again failed to meet its obligation under the Federal Rules of Civil Procedure; SF Markets disclosed the purported states of citizenship of its owners/members, but it concealed the names of several of those members.[7] *See* Fed. R. Civ. P. 7.1 ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party . . . must . . . file a disclosure statement. The statement must *name*—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party . . . (A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).") (emphasis added).

---

[5]  *Id.*

[6]  *See generally* Removal Notice.

[7]  Corporate Disclosure Statement (Revised) Pursuant to OSC [ECF No. 18].

Because SF Markets has failed to comply with Rule 7.1 *and* the Court's OSC, the Court still does not have enough information to determine whether it has jurisdiction over the instant action. The burden lies on the removing defendant—here, SF Markets—to demonstrate the existence of the Court's subject matter jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (quotation and citation omitted). Further, the Ninth Circuit has instructed that removal jurisdiction is strictly construed. *See id.* at 566 ("We strictly construe the removal statute against removal jurisdiction.") (citation omitted). SF Markets has not met its burden. Accordingly, the Court must **REMAND** this action to state court for lack of subject matter jurisdiction.

Accordingly, the Court hereby **ORDERS** as follows:

1. This action is **REMANDED** to Orange County Superior Court for lack of diversity jurisdiction.

2. The in-person hearing on this Order to Show Cause and the Scheduling Conference, both set for August 4, 2023, at 11:00 a.m., are **VACATED**.

**IT IS SO ORDERED**